UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DEVONTAE C. HARRIS,

    Plaintiff,

    v.      CAUSE NO. 2:23-CV-442-HAB-SLC

KARRY SPICHERT, et al.,

    Defendants.

OPINION AND ORDER

Devontae C. Harris, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Harris alleges that he made calls from the Lake County Jail knowing that the calls were recorded and monitored. He made incriminating statements in some of those calls, and those statements are now being used against him. He has sued Telemate Corporation and Karry Spichert (a Telemate Engineer) for monetary damages, alleging that *Miranda* and his Fifth Amendment rights were violated by failing to provide him

with a *Miranda* warning before he made his incriminating statements. His complaint also seeks a preliminary injunction from the court ordering Spichert to hold the calls.

The failure to receive *Miranda* warnings does not provide a basis to sue under § 1983. *See Vega v. Tekoh*, 597 U.S. 134 (2022); *Hensley v. Carey*, 818 F.2d 646, 650 (7th Cir. 1987). Furthermore, the Fifth Amendment provides that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." It allows an individual to refuse to testify against himself in a criminal trial and answer official questions if doing so would incriminate himself. *Vega,* 597 U.S. at 141. Here, there was no interrogation. Harris voluntarily made incriminating statements on a phone line that he knew was being recorded and monitored. As noted in *Miranda,* "[v]olunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." *Miranda v. Arizona*, 384 U.S. 436, 498 (1966). *See also Rhode Island v. Innis*, 446 U.S. 291, 300, 100 S. Ct. 1682, 1689, 64 L. Ed. 2d 297 (1980). Therefore, Harris cannot proceed under *Miranda* or the Fifth Amendment.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on February 1, 2024.

                                          s/ *Holly A. Brady*
                                        CHIEF JUDGE HOLLY A. BRADY
                                        UNITED STATES DISTRICT COURT